UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSANNE BABER                                                    CIVIL ACTION

VERSUS                                                           NO: 10-1633

TARA GIBBS RILEY, ET AL                                          SECTION: "A" (1)

### ORDER

Before the Court is a **Motion in Limine (Rec. Doc. 86)** filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") on January 31, 2013. No opposition to this motion was filed by Plaintiff.

State Farm moves the Court first to prohibit all parties, including their respective counsel and witnesses from divulging to the jury, directly or indirectly, through argument, oral testimony, or exhibits the amounts of the Plaintiff's prior settlements with the alleged tortfeasors and their insurer Allstate. State Farm argues that the Fifth Circuit has consistently held that Federal Rule of Evidence 408 prohibits disclosure of evidence of the amount and substance of settlements to the jury because this disclosure is clearly prejudicial to the remaining defendants. The Court agrees that disclosure of the *amounts* of Plaintiff's prior settlements with the alleged tortfeasors and their insurer Allstate if introduced to establish liability for or invalidity of the claim or its amount is prohibited. *See Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069 (5th Cir. 1986) (quotation marks omitted).

State Farm next moves the Court to prohibit disclosure of the fact that State Farm has not

made a UM tender because such disclosure has no probative value to the issues before the Court as there has been no bad faith claim alleged by Plaintiff in this matter. State Farm argues that to allow the jury to hear that State Farm has not made UM tender to the Plaintiff will only serve to unfairly prejudice State Farm, confuse the issues, and mislead the jury, in violation of Federal Rule of Evidence 403. After a review of the record, and in light of the fact that Plaintiff has not opposed this motion nor alleged a bad faith claim, the Court concludes that any evidence of State Farm's failure to make UM tender is of no probative value.

State Farm also moves the Court to prohibit disclosure of the fact that there was a medical coverage payment made by State Farm because, again, there is no allegation of bad faith brought by the Plaintiff against State Farm for failing to make UM tender. State Farm argues that while the Federal Code of Evidence does not directly address the admissibility of UM and medical coverage tenders, the Louisiana Code of Evidence should be considered by analogy. Louisiana Code of Evidence Article 413 provides: "Any amount paid in settlement or by tender shall not be admitted into evidence unless the failure to make a settlement or tender is an issue in the case." State Farm, using the Louisiana Code of Evidence by analogy, argues that because no bad faith claim has been alleged by Plaintiff, the fact that there was a medical coverage payment but was not a UM tender is not "an issue in the case" and so evidence of this fact should be excluded. The Court agrees. The fact that there was a medical coverage payment, there was no UM tender, Plaintiff did not allege bad faith on the part of State Farm, and in light of Plaintiff's failure to oppose this motion, the Court finds that evidence of State Farm's failure to make UM tender while making a medical coverage payment is of no probative value.

State Farm also moves the Court to issue an order declaring that State Farm, as the UM carrier, is entitled to a credit in the amount of $135,000, to be assessed against the quantum

amount of the jury's verdict. It is undisputed that the Allstate policy covering Ms. Riley had a liability limit of $100,000 per person and the Allstate policy covering Mr. Nguyen had a liability limit of $10,000 per person. It is also undisputed that the Plaintiff has settled with Ms. Riley, Mr. Nguyen and Allstate in all capacities and these parties have been dismissed with prejudice from this matter. State Farm argues that it, as the UM provider, is entitled to a credit in the full amount of both of the Allstate policies. Additionally, State Farm argues because the Plaintiff has been paid $25,000 from State Farm which State Farm avers exhausts its medical payment coverage limit, it is also entitled to a credit for this payment, as the UM provider, assessed against the quantum amount of the jury's verdict. State Farm argues that once it has been proven that an alleged tortfeasor had liability insurance at the time of the accident, the UM carrier is entitled to a credit against the gross judgment for the amount of that insurance because the UM carrier is a solidary obligor with the alleged tortfeasors. *See Keller v. Amedeo*, 512 So.2d 385, 388 (La. 1987); *see also Bellard v. American Cent. Ins. Co.*, 980 So.2d 654 (La. 2008) (*citing Hoefly v. Government Employees Ins. Co.*, 418 So.2d 575 (La. 1982); *see also Fertitta v. Allstate Ins. Co.*, 462 So.2d 159 (La. 1985). The Court agrees that State Farm, as the UM provider, is a solidary obligor with the alleged tortfeasors because both obligors are obligated to the same thing–to repair the Plaintiff for her tort damage. And given that "the civil code expressly provides that payment by one solidary obligor exonerates the other to the extent of that payment to the creditor, payment on the solidary obligation by one debtor should be imputed to the debt owed by the other solidary obligor[,]" *Bellard,* 980 So.2d 654, 667 (La. 2008), the Court finds that State Farm is entitled to a credit in the amount of $110,000 representing the amounts paid under the Allstate policies on behalf of the alleged tortfeasors.

As to the remaining $25,000 credit sought by State Farm, State Farm argues that where a

plaintiff's total damages do not exceed the UM policy limits, the UM carrier is entitled to a credit for any amount which it has paid the plaintiff under the medical payments coverage citing *Savage v. State Farm Mut. Ins. Co.*, 33 So.3d 919, 925 (La.App. 5 Cir. 2010). While this argument may ultimately prove availing, a review of the case cited above reveals the pertinent quote to read in its entirety: "In *Sutton*, this Court said that 'where a plaintiff's total damages do not exceed the UM/UIM policy limits, *and the language of the policy allows such*, the UM/UIM carrier is entitled to a credit for any amount which it has paid the plaintiff under the medical payments coverage." *Id.* at 9 (emphasis added). Based on the dearth of evidence before it, including State Farm's failure to supply the relevant policy language required for establishing such a credit, and, again, without the benefit of an opposition filed by the Plaintiff, the Court is unable to find as a matter of law that State Farm is entitled to this offset at this time. Accordingly, the Court will defer ruling on whether to apply this additional credit against any quantum finding of the jury.

Accordingly;

**IT IS HEREBY ORDERED** that the **Motion in Limine (Rec. Doc. 86)** filed by Defendant State Farm is **GRANTED in Part**. All parties, including their respective counsel and witnesses are prohibited from divulging to the jury, directly or indirectly, through argument, oral testimony, or exhibits: (1) the amounts of the Plaintiff's prior settlements with the alleged tortfeasors and their insurer Allstate; (2) the absence of a UM tender by State Farm; and (3) the $25,000 payment by State Farm from the State Farm medical payment coverage.

**IT IS FURTHER ORDERED** that State Farm, as the UM carrier, is entitled to a credit in the amount of $110,000, the sum of the combined liability limits of the two underlying Allstate policies of automobile insurance that shall be assessed against the quantum amount of

the jury's verdict.

This 15th day of February, 2013.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE